**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COUNTY OF MOHAVE, a political
subdivision of the State of Arizona,

      Plaintiff-counter-
      defendant-Appellant,

  v.

LEXON SURETY GROUP, LLC and
LEXON INSURANCE COMPANY,

      Defendants-counter-claim-
      3rd-party-plaintiffs-
      Appellees,

  v.

LJC DEVELOPMENT, LLC; et al.,

      Third-party-defendants-
      counter-claimants,

  v.

AFFINITY HOMES INCORPORATED;
et al.,

      Third-party-defendants.

No.   15-17167

D.C. No. 3:14-cv-08011-DJH

MEMORANDUM[*]

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COUNTY OF MOHAVE, a political subdivision of the State of Arizona,

Plaintiff-counter-defendant-Appellee,

v.

LEXON SURETY GROUP, LLC and LEXON INSURANCE COMPANY,

Defendants-counter-claim-3rd-party-plaintiffs,

v.

LJC DEVELOPMENT, LLC; et al.,

Third-party-defendants-counter-claimants-Appellants,

v.

AFFINITY HOMES INCORPORATED; et al.,

Third-party-defendants,

and

VALLEY SPRINGS LENDER, LLC,

Third-party-defendant-

No.    15-17232

D.C. No. 3:14-cv-08011-DJH

2

Appellee.

COUNTY OF MOHAVE, a political subdivision of the State of Arizona,

        Plaintiff-counter-defendant,

  v.

LEXON SURETY GROUP, LLC; LEXON INSURANCE COMPANY,

        Defendants-counter-claim-3rd-party-plaintiffs-Appellants,

  v.

LJC DEVELOPMENT, LLC; et al.,

        Third-party-defendants-counter-claimants-Appellees,

  v.

VALLEY SPRINGS LENDER, LLC,

        Third-party-defendant.

No.   16-16887

D.C. No. 3:14-cv-08011-DJH

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

3

Before: W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

Mohave County appeals the district court's order granting summary judgment to Lexon Surety Group LLC and Lexon Insurance Company (collectively, Lexon) and denying its motion for partial summary judgment on County's claims that Lexon breached a performance bond guaranteeing certain subdivision improvements by Valley Springs Estates, LLC (VSE). Lexon appeals the district court's order dismissing its indemnity claims against VSE and James Leo Crowley as moot. Finally, VSE and Crowley appeal the district court's orders dismissing as moot their third party claims against Valley Springs Lender, LLC (Lender). We have jurisdiction under 28 U.S.C. § 1291.

The district court erred in holding that Lexon's obligation on the bond was subject to a lot-sale condition precedent. Nothing in the performance bond, nor the statute or regulations incorporated into the bond, *see* Ariz. Rev. Stat. § 11-821(C); Mohave Cty. Land Div. Regulations § 1.3(B)(4)–(5), makes the sale of lots in the subdivision a precondition to Lexon's duty to pay. Nor does Arizona law require a

---

[**]  The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

court to construe the language of a bond in light of its alleged purpose. *Cf. Porter v. Eyer*, 80 Ariz. 169, 172 (1956); *U.S. Fid. & Guar. Co. v. Christoffel*, 115 Ariz. 507, 509 (Ct. App. 1977). Therefore, Lexon breached the terms of its performance bond when it failed to pay Mohave County the amounts needed to complete the subdivision improvements specified in the bond upon VSE's default, and the district court erred in holding otherwise.

Lexon's argument that it is discharged from liability because Mohave County has not itself incurred any costs due to VSE's default fails. Nothing in the performance bond makes Mohave County's incurrence of costs a condition precedent to Lexon's performance, and Lexon points to no Arizona case suggesting such a precondition applies as a matter of state law. Nor has Lexon pointed to any Arizona case suggesting that Lexon is relieved of its contractual obligations because County subsequently entered into a bilateral contract with a third party (i.e., a contract requiring County to bring an action on its performance bond and requiring Lender to proceed with the proposed development).

We reverse the district court's grant of summary judgment in favor of Lexon. Because the district court dismissed the other two appeals as moot in light of its decision that Lexon was relieved of its obligations on the performance bond,

we vacate the district court's dismissal of these appeals.  We remand for further proceedings consistent with this disposition.

**REVERSED IN PART, VACATED IN PART, AND REMANDED**[1]

---

[1] The parties shall bear their own costs on appeal.

*County of Mohave v. Lexon Surety Group*, No. 15-17167, 15-17232, 16-16887

**W. FLETCHER, Circuit Judge, dissenting:**

FILED

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I respectfully dissent.

Although Lexon Surety Group is obligated under its performance bond agreement with the County, the County has fully mitigated its damages. The purpose of the performance bond is to cover the remaining costs of completion of the infrastructure work in the event of a breach by the developer. *See Ponderosa Fire Dist. v. Coconino Cty.*, 334 P.3d 1256, 1262 (Ariz. Ct. App. 2014). The developer breached, but the Lender has agreed to perform, at no expense to the County, the obligations of the developer in completing the infrastructure work. Because the County is already fully protected from having to pay the costs of completing the infrastructure work, it has fully mitigated any damages arising out of the breach. There is no reason to require Lexon to pay to the County the costs of completion when the County will never pay those costs.

1